**Li Yun DONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General John Ashcroft, Respondent.**

No. 02–4669.

United States Court of Appeals,
Second Circuit.

March 24, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

John P. Tavana, Assistant United States Attorney (David V. Kirby, Acting United

---

States Attorney, District of Vermont; Carol L. Shea, Assistant Unites States Attorney, Chief, Civil Division, on the brief), Burlington, VT, for Respondent.

PRESENT: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Yun Dong seeks review of an October 10, 2002, Board of Immigration Appeals ("BIA") order summarily affirming the December 6, 1999, decision of an immigration judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), and ordering her removed from the United States. In her petition, Dong argues that (1) the IJ erred in determining that Dong had not presented sufficient evidence of past persecution or of a well-founded fear of future persecution that would entitle her to receive asylum in the United States; (2) the IJ erred and violated her due process rights in considering certain unauthenticated documents; (3) the IJ erred and violated her due process rights in relying on a State Department Profile to determine that certain documents were unreliable; (4) the IJ erred in considering her claim under CAT; and (5) the BIA erred in summarily affirming the IJ's decision. Familiarity with the facts and procedural history is assumed. We affirm and deny Dong's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ's opinion directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard. *See*

*Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). Under this standard, such findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *See id.* at 73 n. 7 (quoting 8 U.S.C. § 1252(b)(4)(B); noting that the statute codifies the substantial evidence standard of review). We accord "particular deference" to the IJ's determinations surrounding credibility. *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted).

The IJ rejected Dong's claims that she had been subjected to forced abortion and past persecution, and that she had a well-founded fear of future persecution. Although we are not completely satisfied with the IJ's decision in that it fails to provide specific examples of inconsistent statements, contradictory evidence, or inherently improbable testimony regarding material matters, *see Zhang,* 386 F.3d at 74, we affirm the BIA's order because we cannot find that the credibility determination is not supported by substantial evidence. For example, as the IJ pointed out, there was some inconsistency between Dong's statements in her hearing testimony and statements at her asylum interview. Also, the unauthenticated abortion certificate, which the IJ admitted even though it was not formally admissible, *see* 8 C.F.R. § 287.6, was of limited value because of its origin. And, Dong offered no explanation for why neither she nor her husband were in the household-registration booklet that she submitted. Dong's testimony also conflicted with statements made by her husband in his asylum application. Moreover, the IJ found that Dong's claim of fear of future persecution was undermined by her failure to testify about wanting more children, and by the fact that she already had official permission for two children and that, as an agricultural household, she was permitted to have a second child. As with the IJ's

findings regarding past persecution, we might prefer a more detailed decision, but we conclude that the IJ's determination was supported by substantial evidence.

We have carefully considered Dong's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.